JUMPER v. BANK.

1. SEVERANCE—WAIVER.—Where an attorney asks the Court in the beginning of a trial to have issues of law and equity severed, and the request is passed over for the present, and is not again renewed, and the Court is requested by same attorney to charge jury, "this is an action at law based on contracts," he thereby waives his right to insist on severance.

2. AGENCY may be established by circumstances, and the knowledge and acquiescence of the principal by the acts of the agent.

3. EVIDENCE—FRAUD.—Where fraud is alleged, conversations had at time of execution of writing are admissible.

4. IBID.—Certificates sued on were properly admitted, because foundation of plaintiff's case, and because the question for the jury was which bank had issued them?

5. ERROR.—A judgment will not be reversed for harmless error.

6. AN EXCEPTION which does not point out a specific error will not be considered.

7. NONSUIT—JURY—BANKS.—The Judge could not say which bank issued the certificates, because that was an inference to be drawn from the testimony by the jury.

8. IBID.—IBID.—IBID.—Whether deposits intended to be made in a bank are made at an irregular place is a question for the jury.

9. BANKS.—The by-laws and resolutions of the defendant bank were properly construed to authorize the president to receive deposits.

10. CHARGE—BANKS.—The request of defendant, as submitted, as to the usage of banks in receiving deposits, was properly refused, because it took away from the jury the question of acquiescence.

11. BANKS—NONSUIT.—The certificates of deposit, coupled with the other testimony, were properly submitted to the jury to determine the liability of the bank.

12. IBID.—CHARGE.—Where a depositor gives money to the president of a bank in the bank building, intending to deposit it in the bank, and the president so receives it, he is not required to see that it goes on the books of the bank to his credit.

Before WITHERSPOON, J., Richland, October, 1895.  Affirmed.

Action by Catherine Jumper against the Commercial Bank of Columbia, S. C., on two certificates of deposit. Judgment for plaintiff.  Defendant appeals.

*Mr. W. H. Lyles*, for appellant.

*Messrs. Abney & Thomas* and *J. S. Verner*, contra.  (Arguments, if furnished, have been mislaid.)

March 9, 1897.  The opinion of the Court was delivered by

MR. JUSTICE GARY.    This action was commenced on the 8th day of July, 1892, and first tried at the October term of the Court thereafter, before a jury that rendered a verdict in favor of the plaintiff.   The defendant appealed to the Supreme Court, the judgment was reversed, and a new trial ordered, on the ground that the presiding Judge, under the allegations of the complaint, erroneously allowed the introduction of parol testimony explanatory of the certificates of deposit set out in the complaint.   When the case was remanded to the Circuit Court, the plaintiff, on motion, was allowed to amend her complaint, so that, under the allegations of the amended complaint, competent parol testimony could be introduced to explain the certificates of deposit. The allegations of the first and second cause of action stated in the complaint are similar, except as to the dates and amounts of the certificates of deposit.

The second, third, fourth, fifth, and sixth paragraphs set forth in the first cause of action of the amended complaint are as follows: 2. "That on the 28th day of June, 1890, the plaintiff deposited with the defendant, and the defendant received from the plaintiff on deposit, the sum of $525, which said sum of money the defendant agreed and promised to pay to the plaintiff's order one year after said date, with interest thereon at the rate of six per cent. per annum, payable semi-annually.   3. That before and at the time

said sum of money was so deposited in said defendant bank by this plaintiff, one C. J. Iredell was president of said bank, and the agent thereof to receive deposits and issue interest-bearing certificates therefor, and, as such, advertised that said bank would receive deposits and issue interest-bearing certificates as evidence of said deposit. 4. That the plaintiff, with knowledge of said advertisement, went to said bank's place of business, on the 28th day of June, 1890, in the city of Columbia, S. C., for the purpose of depositing said sum of money, and made special inquiries of said Iredell with reference to said bank receiving deposits, and the rate of interest it allowed thereon, and the said Iredell represented to the plaintiff that he was authorized by said bank to receive deposits for it, and give interest thereon at the rate of six per cent. per annum, and induced this plaintiff to deposit her money in said bank. 5. That the plaintiff, relying on the representations so made by said Iredell, and believing that she was depositing her money in said bank, and that Iredell had the authority, as he represented, to receive the same, and relying upon the credit of said bank solely, and its ability to repay her, delivered the said sum of money to said Iredell, who deposited it in the said bank, and gave this plaintiff a certificate, of which the following is a copy: No. 129. Interest-bearing certificate with contract.—Commercial Bank of Columbia, S. C., June 28th, 1890. I hereby certify that Mrs. Catherine Jumper has deposited in the Commercial Bank of Columbia, S. C., $525, payable to her order, upon the return of this certificate properly endorsed. And it is agreed between the said Commercial Bank and any or all endorsers of this certificate, that the sum of money above mentioned shall remain on deposit in said bank for one year from date thereof. And it is further agreed between said parties, that the amount in said certificate shall draw interest at the rate of six per centum per annum, payable semi-annually. C. J. Iredell, manager of Commercial Bank of Columbia, 'per James Iredell.' 6. That after the plaintiff had parted with her money, and the

same had been deposited in said bank by the said Iredell, the president and agent of said bank as aforesaid, the said Iredell fraudulently induced this plaintiff to receive said certificate as the certificate and obligation of said bank, and assured her at the time that it was the certificate of said bank, and was in proper form, and that it was valid and binding upon the bank, and it was responsible for it, and would pay same; the plaintiff, relying upon such representation, and believing it to be true, that the said paper was the certificate of defendant, and was in proper form and valid, took the same." The case was tried at the October, 1895, term of Court, and the jury rendered a verdict in favor of the plaintiff. The defendant has appealed to this Court on eighteen exceptions, which will be considered in the order they are set out in the case.

The first exception is as follows: 1. "Because his Honor, the presiding Judge, refused defendant's motion to sever the issues presented upon the pleadings, so as to try the legal and equitable issues separately." After the reading of the pleadings the case shows that the following took place: "*Mr. Lyles:* Your Honor will observe that the complaint in reality embodies equitable issues as well as law issues. We wish your Honor's ruling before we proceed with the trial of the cause as to how these issues are to be tried. There are really two causes of action, one at law and one on the equity side of the Court. Two such causes of action may be united, but the trial of the two must be separate and distinct. One is a cause of action to be tried by the Court, and the other to be submitted to the jury, and we have an absolute legal right to these methods of trial, and for that reason we bring the matter to your Honor's attention, and ask that they be separately tried, and that it be so ruled in the beginning that we may clearly trim our evidence to the issues we are trying. *Mr. Abney:* I do not see how your Honor can determine the question at this stage. The very question now raised by counsel has been determined by the Supreme Court of the State. This

28—48

action is not for the reformation of a contract at all, but we bring the action to recover a certain amount of money deposited in the bank, &c.   (Question argued.)   The Court: After hearing the decision (Supreme Court decision), I will decline to sever at this time.   Just go on with the evidence." No farther request was made by defendant's attorney to have the issues tried separately.   The defendant's attorney requested the Judge to charge the jury, that this is an action at law, based upon contracts alleged to have been made by the plaintiff with the defendant bank.   The Judge charged this request.   The foregoing action of the defendant's attorney was a waiver of his right to insist upon his request. *Bowen* v. *Stribling*, 47 S. C.   But waiving these objections, the case of *Bickley* v. *Bank*, 43 S. C., 528, shows that there were no equitable issues.

The second and third exceptions are as follows: 2. "Because his Honor, the presiding Judge, allowed the plaintiff to introduce an alleged certificate said to have been issued to James D. Bickley by C. J. Iredell, manager.   3. Because his Honor, the presiding Judge, allowed the witness, Bickley, to testify with reference to the certificate referred to in the preceding exception, that he dealt with Captain Iredell as the president of the defendant bank in the transaction referred to in said certificate."   It frequently happens that the fact of agency can only be established by circumstances instead of positive and direct testimony.   The acts of C. J. Iredell were competent evidence to establish the fact of agency, at least to the extent of showing knowledge and acquiescence on the part of the defendant.

The fourth exception is as follows: 4. "Because his Honor, the presiding Judge, allowed the witnesses, Catherine Jumper and J. D. Bickley, to testify as to conversations and oral communications with C. J. Iredell at the time of the issuing of the alleged certificates."   This exception is too general for consideration (*Sims* v. *Jones*, 43 S. C., 99); but waiving this objection, it must be remembered that fraud was alleged, and made such testimony competent.

The fifth exception is as follows: 5. "Because his Honor, the presiding Judge, allowed the plaintiff to introduce in evidence the two certificates upon which the action is based, when the evidence had shown that the same were issued by the old partnership bank, and not by defendant bank." The certificates were the foundation of plaintiff's causes of action, and it was necessary that they should be before the Court in order that there might be an adjudication as to them. Furthermore, it was a question for the jury whether the evidence showed that the certificates were issued by the old partnership bank or the defendant bank.

The sixth exception is as follows: 6. "Because the witness, Catherine Jumper, against the objection of the defendant, was allowed to testify that she had deposited her money with the Commercial Bank of Columbia that was running." Even if this was error, it was harmless. It was merely the expression of opinion on the part of the witness upon a question as to which all the facts were before the jury for determination under the charge of the Judge.

The seventh exception is as follows: 7. "Because his Honor, the presiding Judge, should have granted defendant's motion for a nonsuit, based upon the ground that parol evidence was inadmissible to vary or modify the terms of the certificate sued on, there being no evidence of false representations made to the plaintiff in connection therewith." The parol evidence alleged to have been inadmissible is not pointed out in this exception, and, therefore, under the well established rule of this Court, cannot be considered.

The eighth exception is as follows: 8. "Because his Honor, the presiding Judge, should have granted defendant's motion for a nonsuit, based upon the ground that the evidence had established that the certificates sued on were certificates of the old partnership bank, and not of defendant bank." The inferences to be drawn

from the testimony are exclusively for the consideration of the jury. It was, therefore, for the jury, and not for the Judge, to say what facts were established.

The ninth exception is as follows: "Because his Honor should have granted defendant's motion for a nonsuit, based upon the ground that the plaintiff intended to deposit her money in the old partnership bank and not in the defendant bank, and there was no evidence to show that the certificates sued on were intended to refer to the defendant bank." What was just said in regard to the eighth exception is applicable to the ninth. The circumstances attending the depositing of the money by the plaintiff were brought out in evidence, and it was for the jury to say what facts they established.

The tenth exception is as follows: 10. "Because his Honor should have granted defendant's motion for a nonsuit, based upon the ground that the evidence showed that the alleged deposits were made with Iredell at an irregular place and not within the bank enclosure established by defendant bank for the receipt of deposits, and that there was no evidence to show that they had reached the defendant bank as the property of the plaintiff." His Honor could not have granted the nonsuit on the ground mentioned in this exception without invading the province of the jury. It was for the jury to say whether the facts stated in this exception were established, and if so, what inference should be drawn from them in connection with the other facts in the case.

The eleventh exception is as follows: 11. "Because his Honor charged the jury that C. J. Iredell 'did have, under the by-laws and resolutions of the company introduced in evidence, authority to receive deposits under the resolutions introduced here.'" The construction to be placed on these instruments was a matter to be determined by the Circuit Judge, and the construction placed upon them by him was correct. *Bickley* v. *Bank*, 43 S. C., 537.

The twelfth exception is as follows: 12. "Because his Honor, the presiding Judge, refused the fifth request of defendant to charge, 'that by the usage of banks the authority of an officer of a bank to receive deposits is limited to the usual place for the receipt of the same, and a person delivering his money to an officer of the bank in a place other than that where such moneys are usually received, assumes the risk of its reaching the bank to the credit of the depositor, and the bank is not liable therefor unless the money does so reach it to the credit of the depositor.'" In regard to the fifth request to charge, his Honor said: "I charge you that the Commercial Bank was the place contemplated by the bank, and under its authority conferred upon Iredell as president to transact business, the business must be transacted there, unless Iredell transacted business elsewhere with the knowledge of the bank, and the bank thereby ratified and confirmed it; if so, they are bound by the irregularity, provided they had knowledge, knew of it, and did not demur, but afterwards ratified or confirmed his act." The request eliminated from the consideration of the jury the question of acquiescence and ratification on the part of the bank, and was not a sound proposition of law, apart from his Honor's explanation.

The thirteenth exception is as follows: 13. "Because his Honor, the presiding Judge, refused defendant's sixth request to charge, 'that if the jury believe that it is the usage of banks in general, and of the defendant bank in particular, to receive money from depositors over its counters only, or within the bank enclosure proper, the authority of the officers of the bank was limited to the receipt of money at such place, and if the plaintiff delivered her money to C. J. Iredell, the president of the defendant bank, at a place other than where such money was usually received, she assumed the responsibility of its reaching the bank as her money, and unless it did reach the bank as her money, she cannot hold the defendant responsible for it.'" What was

said as to the twelfth exception is applicable to the thir-
teenth.   Furthermore, to have charged the request would
have been a charge on the facts.

The fourteenth exception is as follows: 14. "Because his
Honor, the presiding Judge, refused defendant's seventh
request to charge: 'That there is nothing on the face
of the certificates of deposit sued on in this case to
show that the defendant bank is responsible for the
amounts.' " That which was on the face of the certificates
of deposit, when considered in connection with the other
testimony in the case, might show that the bank was re-
sponsible.  They formed a part of plaintiff's testimony, and
the Circuit Judge would have invaded the province of the
jury if he had charged as requested.   There is a marked
difference between the construction of an instrument and
the weight, as evidence, to be attached to the fact it dis-
closes.   One is a matter of law, the other of fact.

The fifteenth and sixteenth exceptions are as follows:
15. "Because his Honor, the presiding Judge, refused de-
fendant's eighth request to charge: 'That the certificates of
deposit sued on in this case are strong evidence to negative
the fact that the contracts were made with the defendant
bank.' "   16. "Because his Honor, the presiding Judge, re-
fused defendant's ninth request to charge: 'That the certifi-
cates of deposit sued on in this case are conclusive evidence
that the contracts were not made with the defendant bank,
unless it is proven to the satisfaction of the jury that the
plaintiff was induced to take them by the fraudulent repre-
sentations of C. J. Iredell.' "   These exceptions are disposed
of by what was said in regard to the fourteenth exception.

The seventeenth exception is as follows: 17. "Because
his Honor, the presiding Judge, refused defendant's eleventh
request to charge: 'That the by-laws of the defendant bank
introduced in evidence do not confer upon C. J. Iredell, as
president, authority to receive deposits, or contract on its
behalf.' "   This exception is disposed of by what was said
as to the eleventh exception.

The eighteenth exception is as follows: 18. "Because his Honor, the presiding Judge, charged the jury as follows, to wit: 'Now as to one of the points that impresses me in this cause, is this: If you conclude from the testimony that this lady deposited her money with Iredell as the president of the defendant bank, if she so intended it, if Iredell so accepted it, then, Mr. Foreman, it is not necessary for the plaintiff to show that it went on the books of the bank to her credit.'" The entire remark of his Honor on this question is as follows: "Now as to one of the points that impresses me in this case, is this: If you conclude from the testimony that this lady deposited her money with Iredell as president of the defendant bank, that she so intended it, if Iredell so accepted it, then, Mr. Foreman, it is not necessary for the plaintiff to show that it went on the books of the bank to her credit, because, if the bank held Iredell up as a representative, and clothed him with authority to receive deposits, and he received these deposits in the exercise of that authority, and the plaintiff went there and honestly dealt with him under that authority, then it is not incumbent upon her to show that the money actually was applied to her credit upon the bank" [books]. With this explanation at the close of the remarks, this part of the charge was free from error. It would be an alarming doctrine to announce that a depositor, under the circumstances mentioned by his Honor, would have to see that his deposit was entered on the books of the bank to his credit before the bank would be bound.

Judgment affirmed.

MR. CHIEF JUSTICE McIVER. Under the authority of *Bickley* v. *Bank*, 43 S. C., 528, I concur.